Murray P. Reiser, Reiser & Grant, Boston, MA, for plaintiffs.

Michael A. Fitzhugh, Susan M. Morrison, Fitzhugh & Associates, Boston, MA, for defendant.

**Barbara MILLER and Daniel E. Miller, Plaintiffs,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, Defendant.**

**Civ. A. No. 93–10219PBS.**

United States District Court, D. Massachusetts.

Aug. 5, 1994.

*ORDER ON MOTION FOR ADDITIONAL COSTS*

BAILEY ALDRICH, Senior Circuit Judge.*

Plaintiff Barbara Miller, injured in an Amtrak train accident, recovered a verdict. Her bill of costs includes a number of charges related to video depositions presently objected to. The court will exercise its discretion in her favor to the extent that they fall within 28 U.S.C. § 1920. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Most, however, do not.

■ Instead of putting her medical expert on live, plaintiff introduced his video deposition taken by her shortly before trial. This procedure was a matter of convenience—and expense—there is no claim that he was not available. Plaintiff incurred, and wishes to charge, costs of video taping, transcription, and playback in court. We can not agree with the court in *Commercial Credit Equipment Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir.1990), where it said these were, or could be, chargeable costs because "Videotaped depositions are a necessary and time effective method of preserving witnesses' time and allocating precious court and judicial time in this age of advanced court technology and over-crowded court calendars." In fact none of these costs were necessary, or saved any court or judicial—or defendant's—

_____
* Sitting by designation.

time. The witness's oral testimony would have taken no longer than the playing of the video tape. Nor did the *Stamps* court cite any provision of the statute beyond the "necessary" requirement, or note the Court's ruling that the statute and rules are not to be exceeded. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987). We find nothing allowing such costs. Certainly they are not "Fees of the court reporter for ... stenographic transcript necessarily obtained ..." (28 U.S.C. § 1920(2)), or "Fees and disbursement for ... witnesses." (§ 1920(3)). They must be disallowed.

■ Following plaintiff's example, defendant took, and introduced a video tape deposition of its medical expert. Plaintiff is entitled to the cost of a copy thereof; $54.10, also the cost of a copy of the deposition defendant took of the plaintiff.

So ordered.